UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
YVETTE JOHNSON,

                        Plaintiff,

        -against-

Police Officer DEREK SIDDALL, Shield No. 19336; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                       Defendants.
----------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Yvette Johnson ("plaintiff" or "Ms. Johnson") is a resident of Kings County in the City and State of New York. Ms. Johnson suffers form Cerebral Palsy and its related physical disabilities, including clubfeet. Her disabilities are readily apparent.

7. Defendant Police Officer Derek Siddall, Shield No. 19336 ("Siddall"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Siddall is sued in his individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 10:30 p.m. on August 6, 2012, plaintiff was lawfully present inside of 315 Sutter Avenue in Brooklyn, New York.

12. Plaintiff was inside of the abovementioned location with a resident who lived in the building.

13. Defendant officers approached plaintiff and demanded her identification.

14. Ms. Johnson did not have her identification with her, but told officers that she lived across the street.

15. Ms. Johnson asked defendants if she could call her sister who could immediately bring her identification from across the street.

16. Defendants refused to allow plaintiff to call her sister.

17. Defendants asked plaintiff if she lived in the building.

18. Plaintiff told officers she did not live in the building but was visiting a resident who did live in the building.

19. The officers took no steps to verify that plaintiff was lawfully visiting a resident.

20. Instead, the officers unlawfully arrested Ms. Johnson and charged her with trespass.

21. Prior to this incident, Ms. Johnson had never been arrested.

22. Defendants searched plaintiff.

23. Defendants handcuffed plaintiff extremely tightly which caused severe pain and swelling, particularly in light of her disabilities.

24. Defendants made Ms. Johnson climb up into the back of a prisoner van while handcuffed despite her obvious disabilities.

25. Plaintiff lost her balance and almost fell as she was attempting to get into the van on her own.

26. Ms. Johnson eventually climbed into the van notwithstanding her difficulty and the pain it caused.

27. Ms. Johnson was transported to PSA-2 in handcuffs.

28. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff trespassing and prepared false paperwork to that effect, including an arrest report.

29. At no point did the officers observe plaintiff trespassing.

30. Ms. Johnson was eventually taken to Kings County Central Booking, where the criminal charges were adjourned in contemplation of dismissal.

31. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The individual defendants created false evidence against plaintiff.

43. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

44. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Deliberate Indifference to Medical Needs

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

48. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

49. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

52. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

53. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED: January 11, 2013
New York, New York

HARVIS WRIGHT
SALEEM & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwsflegal.com

*Attorney for plaintiff*